IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**DESHAWN PETERSON,**

    **Petitioner,**

v.                                    Case No.: 1:23-cv-00576

**WARDEN ROKOSKY,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Petitioner, Deshawn Peterson, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his custody classification. (ECF No. 1). Pending before the Court is a motion to dismiss contained in the Warden's Response. (ECF No. 7). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** Peterson's petition, (ECF No. 1), be **DISMISSED**, as it is now moot, and removed from the docket of the court.

**I.   Relevant History**

Peterson is a federal inmate currently incarcerated in Federal Correctional Institution ("FCI") Thomson. *See* Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/. Peterson filed the instant petition on August 21, 2023,

1

while incarcerated in FCI McDowell. (ECF No. 1 at 8). In his petition, Peterson alleges that BOP records incorrectly reflect that a detainer has been lodged against him, and, as a result, his custody classification level has been miscalculated. (ECF No. 1 at 6). Peterson claims that if the non-existent detainer were removed from his records, his custody classification would be low, instead of medium. (*Id.*). Peterson attached a Declaration and Memorandum of Law, in which he further explains that his case manager admitted that there is no formally lodged detainer but nonetheless refuses to remove it from the SENTRY database. (ECF No. 1-1). Peterson requests the Court order Respondent to correct his SENTRY file and custody classification. (*Id.* at 7).

Respondent filed a Response on October 24, 2023. (ECF No. 7). Respondent argues that Peterson's petition should be dismissed, because he failed to exhaust his administrative remedies, and because an inmate has no constitutionally protected liberty interest in his custody classification or security designation. (*Id.* at 2, 3). Respondent attached a copy of Peterson's Detainer SENTRY Data, accompanied by the declaration of a BOP paralegal; both the declaration and the SENTRY Data report accurately reflect that there are no detainers against Peterson. (ECF No. 7-1). Peterson did not file a reply.

**II.** **<u>Standard of Review</u>**

Respondent requests that this Court dismiss Petitioner's § 2241 petition but does not identify the Rule of Civil Procedure that governs the motion. (*See* ECF No. 7). Because Respondent filed a Response concurrently with the motion to dismiss, the motion technically is one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion to dismiss under Rule 12(c) applies the same standard of review as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12 (b)(6), and both motions may be filed in habeas actions.

2

*Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md., May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a Rule 12(c) motion in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, without converting the motion into one for summary judgment. *Id.* The Court may also consider documents "attached to the motion to dismiss, so long as they are integral to the [petition] and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III. Discussion

Peterson claims that his SENTRY data improperly reflects that a detainer has been lodged against him, and he asks the Court to order the BOP to correct his custody level and security designation from medium to low. However, BOP SENTRY data accurately reflects that there is no detainer lodged against him. (ECF No. 7-1 at 3). Peterson has subsequently been moved to FCI Thomson, a low security institution, meaning he has apparently received the desired change to his custody level and security designation. *See*

3

BOP Program Statement 5100.08 (explaining the assignment of inmates to institutions based on security level).[1] Respondent is correct that, were there still a live controversy, Peterson's petition would be subject to dismissal, because an inmate has no constitutional interest in his custody level or security designation—in other words, a prisoner may not challenge these assessments, or his resulting placement in any particular facility, through a federal habeas petition. *See Saleh v. Young*, No. CV 5:19-00468, 2021 WL 1774140, at *3 (S.D.W. Va. Feb. 10, 2021), *report and recommendation adopted,* No. 5:19-CV-00468, 2021 WL 1758711 (S.D.W. Va. May 4, 2021). However, seeing as Peterson has received the relief requested, it appears his petition is moot.

Article III allows federal courts to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). Consequently, "[t]o be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983). Put simply, "[a] claim may be mooted 'when the claimant receives the relief he or she sought to obtain through the claim,' because the court no longer 'has [ ] effective relief to offer.'" *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)). Because Peterson's SENTRY data reflects no detainer and he has been moved to a low security institution, his requests to correct the SENTRY data and change his custody level and security designation no longer present

---

[1] Courts may take judicial notice of information found on state and federal government websites. *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017).

4

a justiciable controversy. *See McKinney-Bey v. Hawk-Sawyer*, 69 F. App'x 113, 113 (4th Cir. 2003) (dismissing petition as moot where prisoner received requested transfer).

There are two exceptions to the mootness doctrine: where the challenged action is capable of repetition but evading review, and where the petitioner challenges his conviction and will continue to face collateral consequences after release. *Maultsby v. Rickard*, No. 1:17-CV-04612, 2018 WL 4289648, at *2 (S.D.W. Va., June 29, 2018), *report and recommendation adopted*, No. CV 1:17-04612, 2018 WL 4291740 (S.D.W. Va., Sept. 6, 2018). Neither exception applies to Peterson's petition, because there is no reasonable expectation he will face the same set of circumstances in the future, and his petition only challenges the place of confinement and not the validity of his underlying conviction. *See id.* Accordingly, the undersigned **FINDS** that Peterson's petition should be dismissed as moot.

IV.     **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** Peterson's petition, (ECF No. 1), be **DISMISSED**, as it is now moot, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed

5

Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: August 9, 2024

_____
Cheryl A. Eifert
United States Magistrate Judge